848 P.2d 428

**In the Interest of: An Unnamed Child Under Eighteen Years of Age.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John DOE, Defendant–Appellant.**

**No. 19320.**

Supreme Court of Idaho, Boise, February 1993 Term.

March 4, 1993.

Rolf M. Kehne, Boise, for appellant.

Larry J. EchoHawk, Atty. Gen., and Mary Jo Beig, Deputy Atty. Gen., argued, Boise, for respondent.

PER CURIAM.

The child involved in this case was born in 1983, the son of appellant John Doe. The child was placed in the temporary custody of the Department of Health and Welfare ("H & W") in 1987. In the order granting temporary custody, the Honorable John F. Dutcher, magistrate judge, found that the father had physically abused the child.

In 1988, H & W custody was extended for another year pursuant to stipulation between the parents and H & W. In 1989, H & W filed a petition for the termination of the parents' parental rights. After a trial to the court, Judge Dutcher granted the petition and terminated the parental rights of both of the parents. The court found that the state "sustained its burden of proof by clear and convincing evidence that the child has been abused by the natural father."

Both parents appealed to the district court. That court, the Honorable Robert G. Newhouse, presiding, affirmed the decision below holding that there was suffi-

cient evidence in the record to support the magistrate's finding that the child had been physically abused by his father.

The father appealed to this Court and here argues that a court presiding over a parental termination has the inherent equitable power to grant a parent visitation rights, if visitation is in the best interests of the child, and notwithstanding the fact that the parent's parental rights have been terminated.

We decline to address this issue because it was not raised in the magistrate court. We have reviewed the record in this case and find that, while the father asked the court to consider a guardianship as an alternative to termination so that visitation could continue, the father failed to request of the magistrate that post-termination visitation be allowed to him.

In general, issues presented for the first time on appeal will not be considered. *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 93, 803 P.2d 993, 999 (1991). However, an exception to the general rule may be made where the issue raised involves fundamental error. *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). Fundamental error is error which so profoundly distorts the trial that it produces manifest injustice and deprives the defendant's right to due process. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). The alleged error in this case does not rise to that level. Accordingly, the father's attempted appeal is dismissed.