894 P.2d 125

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shad Allan JOHNSON, Defendant–Appellant.**

**No. 20418.**

Supreme Court of Idaho,
Coeur d'Alene, April 1994 Term.

April 20, 1995.

Rehearing Denied April 20, 1995.

Dan J. Rude, Coeur d'Alene, for appellant.

Hon. Larry EchoHawk, Atty. Gen. and Kevin P. Cassidy, Deputy Atty. Gen., argued, Boise, for respondent.

## SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED OCTOBER 28, 1994 IS HEREBY WITHDRAWN.

SILAK, Justice.

### BACKGROUND

On June 11, 1992, Shad Allan Johnson (Johnson) struck a bicycle ridden by Gene Kowalczuk (Gene) and Miro Luther–Lund (Miro) while driving his truck under the influence of alcohol. Gene sustained serious bodily harm in the accident. Johnson was charged with aggravated DUI pursuant to I.C. § 18–8006 which states that a person is guilty of aggravated DUI if that person causes great bodily harm to another while driving under the influence in violation of I.C. § 18–8004(1)(a) or (c).

At trial, Johnson contended that Gene's own negligence caused the accident and the resulting injuries. Johnson presented evidence showing that when the accident occurred at about 10:00 p.m., Gene and Miro were riding double on a single seat bicycle that was not equipped with any lights, and that Gene, who was pedalling and steering the bike, turned in and out of Johnson's oncoming lane several times before turning back into Johnson's lane and colliding with Johnson's truck. The State presented conflicting testimony showing that Gene was initially riding his bike westbound on the north side of the street, with the direction of traffic, until Johnson, who was approaching from the opposite direction, swerved his truck over into Gene's lane. In order to avoid a head on collision with Johnson's truck, Gene moved across to the south side of the street. Johnson then swerved back into the eastbound lane and Gene steered back across the street into his original lane. When Johnson again swerved back into Gene's lane, Gene once again turned to the south side of the road and tried to make it across the south side of the road and up onto the sidewalk. Before Gene could make it off the road, Johnson swerved back into his own lane on the south side of the road and ran broadside into Gene and Miro.

Over Johnson's objection, the State was permitted to present the testimony of Mark Aubrey, (Aubrey) an employee of the Coeur d'Alene Fire Department who responded to the accident scene. Aubrey testified that approximately ten minutes before the accident, while standing in front of the fire station, he observed Johnson's truck being driven recklessly and that he subsequently called 911 to report the recklessly driven vehicle.

Johnson requested the trial court to instruct the jury that in order for the jury to find Johnson guilty of aggravated DUI, the jury must find that Johnson, while under the influence of alcohol, operated his vehicle in a grossly negligent manner, that his grossly negligent operation of the vehicle was the proximate cause of the accident, and that no negligence on the part of Gene was a proximate cause of the accident. In the alternative, Johnson sought an instruction that the jury could not find him guilty of aggravated DUI unless it found that Johnson, while under the influence of alcohol, operated his vehicle in a negligent manner and that, compared to Gene's negligence, Johnson's negligent operation of the vehicle was more than 50% responsible for causing the accident. The trial court refused these instructions and instead instructed the jury that it should consider: (1) whether Johnson was guilty of driving under the influence, and (2) whether Johnson was negligent in driving his vehicle, which negligence was a proximate cause of Gene's injuries.

The special verdict form given to the jury mirrored the instructions. The jury answered both questions in the affirmative. The trial court then entered an order adjudging Johnson guilty of aggravated driving under the influence.

Johnson appeals from the judgment of conviction, asserting that his conviction is invalid because the jury was not properly instructed. Johnson also contends his conviction is invalid because the judge committed reversible error in admitting Aubrey's testimony, and because, according to the special verdict form, the jury never found him guilty of aggravated DUI.

This Court must decide the following issues on appeal:

I. Whether the trial court properly instructed the jury concerning the elements of the crime of aggravated DUI.

II. Whether the trial court erred in admitting Aubrey's testimony.

III. Whether the trial court erred in entering an order of conviction for aggravated DUI based on the special verdict form.

## ANALYSIS

### I.

### THE JURY INSTRUCTIONS TAKEN AS A WHOLE PROPERLY SET OUT THE ELEMENTS OF THE CRIME OF AGGRAVATED DUI.

Johnson argues that the trial court should have instructed the jury that it had to find Johnson to be more than 50% responsible for causing Gene's injuries in order to find him guilty of aggravated DUI. In support of his argument, Johnson emphasizes that causation is an essential element of aggravated DUI. Because a compensable injury in the civil arena requires defendant's negligence to be more than 50% responsible for causing the injury, and because a conviction in the criminal arena can be used as evidence in a civil case, Johnson therefore contends the State must prove in the criminal prosecution that Johnson's conduct was more than 50% responsible for causing the injuries in order to convict him of aggravated DUI. In the alternative, Johnson argues that the trial court should have instructed the jury that it had to find Johnson guilty of gross negligence pursuant to I.C. § 18–114 in order to find him guilty of aggravated DUI. The trial court rejected Johnson's position, instructing the jury that it need only find that Johnson's negligent conduct was a proximate cause of Gene's injuries.

 When a party challenges on appeal a decision of the trial court denying a proposed jury instruction, this Court reviews the instructions to determine whether the instructions, taken as a whole, fairly and accurately present the applicable law. *State v. Eastman,* 122 Idaho 87, 89, 831 P.2d 555, 557

(1992); *State v. Aragon,* 107 Idaho 358, 363, 690 P.2d 293, 298 (1984). It is within the trial court's discretion to determine whether to submit a defendant's requested instruction to the jury, and the trial court need not submit an instruction if it is an erroneous statement of the law. *Eastman,* 122 Idaho at 89, 831 P.2d at 557; *State v. Olsen,* 103 Idaho 278, 285, 647 P.2d 734, 741 (1982). Idaho Code § 19–2132 requires that the trial court give pertinent instructions by which the jury may be correctly informed with respect to the nature and elements of the crime charged and any essential legal principles applicable to the evidence admitted. *State v. Beason,* 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973).

 We hold that the trial court did not err in refusing to submit Johnson's proposed jury instructions. Johnson's requested instructions constituted misstatements of the law. The elements of the crime of aggravated DUI do not include proof that the defendant was more than 50% responsible for causing the victim's injuries. The plain language of I.C. § 18–8006 merely requires that there be some causal connection between the defendant's driving while under the influence and the victim's injuries. Idaho Code § 18–8006 also does not require proof of any negligence on the part of defendant. However, the trial court's error in instructing the jury that it must find that Johnson's negligent conduct while driving under the influence, rather than simply his conduct while driving under the influence, caused the victim's injuries, is harmless. If anything, the trial court's error benefitted Johnson.

 Similarly, Johnson's attempt to infuse the crime of aggravated DUI with the element of gross negligence as defined in I.C. § 18–114 is futile. Under the plain language of I.C. § 18–8006, the misdemeanor crime of driving under the influence is elevated to the felony crime of aggravated DUI when the defendant's conduct causes serious bodily harm, not when defendant's conduct is adjudged grossly negligent. The State need only prove that the defendant operated a vehicle while under the influence of alcohol

and that such conduct caused serious bodily harm to one other than the driver.

For the foregoing reasons, we hold that the jury instructions taken as a whole are not erroneous and that the trial court did not err in refusing to submit Johnson's requested jury instructions.

## II.

## THE TRIAL COURT DID NOT ERR IN ADMITTING THE TESTIMONY OF AUBREY OVER JOHNSON'S OBJECTION

Johnson next argues that it was error for the trial court to admit the testimony of Aubrey concerning his observations of the "reckless" driving patterns of Johnson's truck ten minutes before the accident occurred. Johnson contends that the testimony is irrelevant under I.R.E. 401 and prejudicial under I.R.E. 404(b), and accordingly should have been excluded. We disagree.

■ The trial court correctly determined that Aubrey's testimony was relevant. Idaho Rule of Evidence 401 states that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Johnson made no objection as to Aubrey's ability to observe the vehicle, identify the driver of the vehicle observed, or other foundational criteria, so we do not address those issues. The erratic driving observed by Aubrey ten minutes before the accident in question is relevant as to the probable fashion in which the vehicle was being driven at the time of the accident. Therefore, it was not error for the trial court to admit Aubrey's testimony over Johnson's I.R.E. 401 objection.

■ As to Johnson's I.R.E. 404(b) objection, a careful examination of the record reveals that Johnson failed to object to the testimony based on I.R.E. 404(b) at trial. This Court will not address an issue not preserved for appeal by an objection in the trial court. See State v. Higgins, 122 Idaho 590, 596, 836 P.2d 536, 542 (1992) (Court refused to address issue concerning testimo-

ny objected to on different grounds at trial than those raised on appeal). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. E.g. State v. Doe, 123 Idaho 370, 371, 848 P.2d 428, 429 (1993); State v. Haggard, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). We have adopted the following definition of fundamental error:

> Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law.

State v. Sarabia, 125 Idaho 815, 818, 875 P.2d 227, 230 (1994) (quoting State v. Knowlton, 123 Idaho 916, 918, 854 P.2d 259, 261 (1983)). The alleged error in admitting Aubrey's testimony does not rise to the level of fundamental error. Accordingly, we hold that the trial court did not err in admitting Aubrey's testimony over Johnson's objections.

## III.

## JOHNSON DID NOT OBJECT TO THE ORDER OF CONVICTION BASED ON THE SPECIAL VERDICT FORM AT TRIAL

Johnson next argues that the jury never actually convicted Johnson of aggravated DUI based on the special verdict form and, therefore, it was error for the trial court to enter an order of conviction for aggravated DUI. The jury found Johnson guilty of DUI, found that he was negligent, and found that his negligence was a proximate cause of Gene's injuries, Johnson continues, but did not find him guilty of aggravated DUI.

■ The record reveals that Johnson failed to object to the special verdict form, and to Instruction 20, which explained the verdict form to the jury at trial. Pursuant to I.C.R. 30, the failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. State v. Smith, 117

Idaho 225, 228, 786 P.2d 1127, 1130 (1990). The record reflects that the district judge held a hearing on objections to the jury instructions, and that counsel for Johnson entered objections to several of the proposed instructions. At the hearing, the following colloquy took place specifically concerning the special verdict form:

> The Court: But it's my understanding that counsel do not disagree with the concept of instructing them and having the jury determine whether or not there was a driving under the influence committed, and then concerning the aggravation as an affect and enhancement of the charge and using a special verdict form for that; that there has been no disagreement with that process? Is that a fair statement?

> Johnson's counsel: That's a fair statement your honor.

By his agreement with the court's comments, Johnson's counsel explicitly accepted the use of the special verdict form to which objection is now made. We thus hold that any error in the special verdict form was invited by Johnson. *State v. Stuart,* 110 Idaho 163, 169–70, 715 P.2d 833, 839–40 (1985); *State v. Lopez,* 100 Idaho 99, 102, 593 P.2d 1003, 1006 (1979); *State v. Wilkerson,* 121 Idaho 345, 349, 824 P.2d 920, 924 (Ct. App.1992). Accordingly, we will not address Johnson's challenge to the special verdict form on appeal.

## CONCLUSION

For the foregoing reasons, the judgment of conviction is affirmed.

McDEVITT, C.J., and JOHNSON and TROUT, JJ., concur.

BISTLINE, J., did not participate in the substitute opinion.