941 P.2d 361

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Len BROWN, Defendant–Appellant.**

No. 21795.

Court of Appeals of Idaho.

July 9, 1997.

Thomas Len Brown, Boise, pro se appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Thomas Len Brown appeals from his judgment of conviction for grand theft, I.C. § 18–2407, and the finding that he was a persistent violator, I.C. § 19–2514, which was based upon the conviction for grand theft. Brown alleges that the instructions given to the jury were improper and that there was insufficient evidence upon which the jury could base its guilty verdict. Brown also appeals

from the district court's denial of his motion for a new trial.[1] We vacate the judgment of conviction and remand for a new trial.

## I.

### FACTS AND PROCEDURE

On Saturday, February 5, 1994, a masked gunman entered the Stinker Station in the Hyde Park area of Boise. The gunman pointed what appeared to be a .25 caliber handgun at the two store clerks, ordered them to open the cash register drawers and then ordered them into a back room. When the two clerks emerged, the cash registers had been emptied and the gunman was gone.

Brown was stopped by police in the vicinity of the robbery and claimed to be jogging. After brief questioning, Brown was released. The police also stopped another man immediately following the robbery, Kenny Littleton. Littleton eventually implicated Brown in the robbery. Also on the day of the robbery, a resident near the Stinker Station reported that her Toyota Corolla had been stolen.

On the evening of the robbery, the police investigation led to a hotel room in Garden City that Brown had rented. Although Brown was not present in the room, the police recovered several rounds of .25 caliber ammunition, an envelope addressed to Brown, and keys and personal items from the stolen Toyota. Continuing to search for Brown, the police recovered the stolen vehicle. In the car were two small post-it notes, containing initials and dollar amounts, which were later identified as notes placed on currency by Stinker Station employees. The police also searched a car that Brown had been driving, recovering more personal items from the Toyota as well as the tires from the Toyota.

Brown was eventually arrested and charged with robbery, use of a firearm during the commission of a felony, and being a persistent violator. Following a jury trial, Brown was acquitted of robbery and use of a firearm, but was convicted of grand theft, which the district court had instructed the

jury was a lesser included offense of robbery. The jury also found Brown guilty of being a persistent violator. Brown moved for a new trial, which the district court denied. Brown appealed.

## II.

### ANALYSIS

As part of his challenge to the jury instructions in this case, Brown alleges that grand theft is not a lesser included offense of robbery, that the district court failed to set forth all of the elements of grand theft, that he was not given proper notice that he would be required to defend against the charge of grand theft and that the evidence at trial did not support the giving of a grand theft instruction.

■■■ The state argues that Brown cannot challenge the grand theft jury instructions because he invited the error by acquiescing in the district court's decision to instruct the jury on grand theft. This argument is based on the fact that the instructions were discussed specifically, albeit in another context, and Brown failed to object to them. Issues regarding the propriety of jury instructions in a criminal case may be reviewed on appeal even absent timely objection at the time of trial. *State v. Gittins*, 129 Idaho 54, 56, 921 P.2d 754, 756 (Ct.App.1996). In this case, even though the instructions were discussed in a different context, Brown did not specifically request these instructions or expressly agree that the language was appropriate. Mere discussions of the instructions at issue, without discussion of the pertinent language, does not rise to the level of invited error as the state claims. Brown is not barred from challenging the instructions on appeal.

■■■ We next to turn to the instructions themselves. The jury was instructed regarding grand theft as follows:

Instruction No. 9:

---

1. Brown also filed a second motion for a new trial in December of 1996. This motion was denied on June 17, 1997.

If you find that the evidence is insufficient to establish the defendant's guilt of an offense charged in the Information, he may, however, be found guilty of any lesser offense which is necessarily included in the offense charged if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.

For purposes of applying this instruction, you are advised that Grand Theft from the Person of Another is a lesser included offense of Robbery.

Thus, if you find that the evidence is insufficient to find the defendant guilty of Robbery you may find him guilty of Grand Theft from the Person of Another if all the elements of that offense have been proved beyond a reasonable doubt.

Instruction No. 11:

"Grand Theft" is theft of property from the person of another.

Instruction No. 12:

A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to a third person, he wrongfully takes, obtains, or withholds such property from the owner thereof.

▪ The Idaho Supreme Court has held that I.C. § 19–2132 "requires that the trial court give pertinent instructions by which the jury may be correctly informed with respect to the nature and elements of the crime charged and any essential legal principles applicable to the evidence admitted." *State v. Johnson,* 126 Idaho 892, 895, 894 P.2d 125, 128 (1995), *citing State v. Beason,* 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973).

This encompasses any lesser included offenses, which must also be set forth in the jury instructions so that the jury is correctly informed as to the nature and elements of the lesser included offense. Despite setting forth the necessary elements and a description of the alleged acts constituting robbery in Instruction No. 5, no similar instruction was given regarding grand theft. Idaho Criminal Jury Instruction (ICJI) 540 provides a model for the type of instruction that should have been given in this case regarding the charge of grand theft.[2]

In this case, no instruction was given specifically stating what conduct of Brown amounted to grand theft. During the trial, there was extensive testimony regarding the stolen Toyota Corolla. This testimony clearly attributed the theft of the car to Brown. Because the instructions did not specify what conduct allegedly amounted to grand theft, it is possible that the jury found Brown guilty of grand theft based on the theft of the car. Brown, however, was not charged with the theft of the Toyota Corolla in a separate count from the robbery.

Similarly, the instructions did not define the phrase "from the person of another," as set forth in I.C. § 18–2407(1)(b)(4), even though such a definition is offered in ICJI 542.[3] As instructed, the jury could find Brown guilty of grand theft only if the charged conduct amounted to theft "from the person of another" because no value of any stolen item was set forth in the instructions. Without further explanation, the jury would be left to speculate as to what exactly consti-

2. ICJI 540 reads:

In order for the defendant to be guilty of [Grand][Petit] Theft, the state must prove each of the following:
1. On or about [date]
2. in the state of Idaho
3. the defendant [name] wrongfully [took] [detained] [withheld] property [described as: (description of property)],
4. from an owner,
5. the defendant [took] [detained] [withheld] the property with the intent to deprive an owner of the property or to appropriate the property [.] [, and]
[6. the value of the property was greater than $300.00]

If any of [the above] [numbers 1 through 5] has not been proven beyond a reasonable doubt, then you must find the defendant not guilty of Theft.
If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty of [Grand][Petit] Theft.
[If you find 1 through 5 proven beyond a reasonable doubt and 6 not proven beyond a reasonable doubt, you must find the defendant guilty of Petit Theft.]

3. ICJI 542 reads, in part:
For property to be taken from the person, the property must be either on the body of, or in the clothing being worn by, or in a receptacle being carried by the person from whom it is taken.

tuted the taking of property from the person of another.

The instructions given in this case opened the possibility that Brown was convicted based on conduct for which he was not charged—namely, the theft of the Toyota Corolla. These instructions also allowed the jury to speculate on the meaning of "from the person of another." The errors created by the instructions as given are grave enough to warrant a vacation of the judgment of conviction.

## III.

### CONCLUSION

The judgment of conviction in this case must be vacated and the case remanded to the district court for a retrial. Because we have remanded the case on the issue of the jury instructions, we need not consider Brown's claim that the evidence was insufficient to support the guilty verdict on the charge of grand theft or that the district court erred in denying Brown's motion for a new trial.

WALTERS, C.J., and LANSING, J., concur.