IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40920

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 632 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOAQUIN ISAIAH GARZA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction and unified sentence of fifteen years, with five years determinate, for aiding and abetting aggravated battery and of being a persistent violator, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joaquin Isaiah Garza appeals from his judgment of conviction, claiming the district court committed evidentiary error under Idaho Rule of Evidence 609 by allowing evidence of his prior felony conviction to be admitted into evidence.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Garza was charged with aggravated battery and, on an alternative theory, aiding and abetting aggravated battery, Idaho Code § 18-907,[1] for his alleged involvement in a bar fight.

---

[1]     Idaho law concerning criminal culpability makes no distinction between the person who directly commits a criminal act and a person who aids and abets in its commission. Rather, those who aid and abet a crime are culpable as "principals." Idaho Code §§ 18-204, 19-1430; *State v. Horejs*, 143 Idaho 260, 263, 141 P.3d 1129, 1132 (Ct. App. 2006).

The State subsequently added a persistent violator charge, I.C. § 19-2514. Over Garza's objection, the court permitted admission of evidence establishing that Garza was a convicted felon, but not the nature of the offense, pursuant to I.R.E. 609. The admission was based on his previous conviction for unlawful discharge of a firearm at a dwelling, I.C. § 18-3317.

The jury found Garza guilty on the charge of aiding and abetting aggravated battery and of being a persistent violator. The jury found him not guilty on the charge of aggravated battery. The district court imposed a unified sentence of fifteen years with five years determinate. He timely appeals his judgment of conviction based on the district court's I.R.E. 609 ruling at trial.

## II.

## ANALYSIS

Garza argues the district court erred when it allowed the State to present evidence pursuant to I.R.E. 609 of his prior felony conviction because he asserts it was a crime of violence, and therefore did not weigh on his credibility. Idaho Rule of Evidence 609(a) provides:

> For the purposes of attacking the credibility of a witness, evidence of the fact that the witness has been convicted of a felony and the nature of the felony shall be admitted if elicited from the witness or established by public record, but only if the court determines in a hearing outside the presence of the jury that the fact of the prior conviction or the nature of the prior conviction, or both, are relevant to the credibility of the witness and that the probative value of admitting this evidence outweighs its prejudicial effect to the party offering the witness. If the evidence of the fact of a prior felony conviction, but not the nature of the conviction, is admitted for the purpose of impeachment of a party to the action or proceeding, the party shall have the option to present evidence of the nature of the conviction, but evidence of the circumstances of the conviction shall not be admissible.

The determination of whether evidence of a witness's prior conviction of a crime will be admitted under I.R.E. 609 involves a two-tiered inquiry. The court must first consider whether the previous conviction is relevant to the witness's credibility; and second whether its probative value outweighs its unfair prejudicial effect. *State v. Trejo*, 132 Idaho 872, 876, 979 P.2d 1230, 1234 (Ct. App. 1999).

In reviewing the trial court's decision as to the first prong concerning relevance, the standard of review is de novo. *State v. Thompson*, 132 Idaho 628, 630, 977 P.2d 890, 892 (1999). In reviewing the trial court's decision as to the second prong concerning whether the

probative value of the evidence outweighs its prejudicial impact, the standard of review is abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981), the Court recognized that different types of felonies have different degrees of probative value on the issue of credibility and identified three categories of felonies to determine whether a prior conviction could be used for impeachment. *Id.* at 580, 634 P.2d at 444. Category one involves crimes such as perjury which are "intimately connected" with the issue of credibility. *Id.* Category two involves crimes such as robbery or burglary which are "somewhat less relevant" to the issue of credibility. *Id.* Finally, category three involves acts of violence, which generally have little or no direct bearing on honesty and veracity. *Id*. at 581, 634 P.2d at 443.

At trial, the prosecutor advised Garza if he chose to testify that he would seek to impeach his credibility with his prior conviction for unlawful discharge of a firearm at a dwelling. Albeit mistakenly, both the court and prosecutor stated that prior convictions for violent offenses fall into the second category under *Ybarra.* While there is no case law indicating whether the discharge of a firearm at a dwelling is a violent offense, the district court ruled that because it viewed Garza's prior offense as violent, it fell into the second category under *Ybarra* and could be used for impeachment purposes. Garza's objection was on the grounds that his prior conviction was *not* violent and therefore could not be used relative to his credibility. However, on appeal Garza argues that his prior conviction *was* a violent offense and therefore should not have been used for impeachment purposes because it falls under the third category under *Ybarra*.

While the district court incorrectly stated that crimes of violence fall into the second category, this Court does not need to conclude which category Garza's prior conviction falls under because he failed to preserve for appeal his claim that it was error to admit his prior conviction. In order to preserve an objection for appellate review, either the specific ground for the objection must be stated, or it must be apparent from the context. *State v. Almaraz*, 154 Idaho 584, 602, 301 P.3d 242, 260 (2013). Objecting to the admission of evidence on one basis

does not preserve a separate and different basis for the exclusion of evidence. *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995). At trial, Garza objected to the admission of his prior conviction on the basis that it was not a violent offense, and on appeal he makes the opposite argument that the offense was violent. Because Garza failed to preserve this argument for appeal, it is unnecessary to address the second prong determining whether the conviction or the nature of the conviction, or both, are relevant and if the probative value outweighs its prejudicial effect. I.R.E. 609(a); *Thompson*, 132 Idaho at 632, 977 P.2d at 894.

Further, even if Garza had preserved his objection for appellate review, any error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

The evidence of Garza's prior conviction did not affect the verdict. In addition to testimony from the doctor who treated the victim and the victim himself, there were several other witnesses presented by the State. Garza was seen on video trying to cut off the fleeing victim, although he tried to explain it away. The victim stated that before being knocked unconscious, Garza took a swing at him but missed. Eyewitness testimony given by a taxi cab driver, who watched the beating from ten-to-fifteen feet away while sitting in her automobile, was particularly compelling. She stated that the victim was already unconscious and that Garza ordered, "Let's finish him off," to the other men involved in the beating before she exited her automobile to make her presence known. She testified that she could see Garza's face clearly from the light overhead on the building. She also identified him as one of the men who was either holding the victim up, or was kicking and hitting him. She identified Garza both through a photo lineup prepared by law enforcement and at trial. Additionally, a waitress testified seeing Garza at the bar the evening of the incident with other people that she identified by name. Moreover, she identified Garza in a photo lineup prepared by law enforcement, and also in surveillance videos taken both inside the bar and the outside parking lot, in which Garza is seen running.

Specifically regarding Garza's credibility, Garza had repeatedly been deceitful when interviewed by a detective who conducted a taped interview several weeks after the incident,

4

which was admitted into evidence. At the time of the interview, Garza denied knowing the other men the waitress had testified he was with. He also claimed that he had never been to the bar where the beating occurred, much less the evening it took place, and he stated the witness who claimed she had watched the fight and the security footage showing him at the bar was "wrong." On cross-examination, he admitted lying numerous times during the interview, admitting he was at the bar on the night in question and knows the people whom the waitress identified as being with him that night.

The evidence, and in particular the interview with the detective and the cross-examination of Garza, seriously undermined his credibility. His prior conviction, even if admitted erroneously, did not prejudice him. The State has met its burden showing that beyond a reasonable doubt if there was a violation of I.R.E. 609, it did not contribute to the jury's verdict.

## III.

## CONCLUSION

Garza failed to preserve his objection to the district court's I.R.E. 609 ruling that allowed his prior conviction to be admitted for impeachment purposes. Even if the district court's ruling was erroneous, the error was harmless. The district court's judgment finding Garza guilty of aiding and abetting aggravated battery and of being a persistent violator is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**