# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48172

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CYRUS WOLF BUEHLER,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  December 19, 2022

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Judgment of conviction for aggravated driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Cyrus Wolf Buehler appeals from his judgment of conviction for aggravated driving under the influence (DUI), Idaho Code § 18-8006(1).  Buehler contends the district court abused its discretion by ruling pretrial to exclude his proffered evidence of causation and to admit the State's evidence regarding his blood alcohol content (BAC).  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of December 31, 2017, in Pocatello, Buehler was driving a vehicle; turned across oncoming traffic; failed to yield to a bicyclist, who was traveling in the opposite direction; and struck the bicyclist, who sustained serious injuries.  Officer Christ responded to the scene; observed that Buehler smelled of alcohol and had glassy, bloodshot eyes; and administered field

1

sobriety tests. Then, Officer Christ administered a BAC test using a Lifeloc FC20 testing device, and Buehler's BAC measured 0.181 and 0.179.

The State charged Buehler with aggravated DUI. In preparation for trial, Buehler disclosed an accident reconstructionist as an expert witness to testify about facts related to the incident, including that "the primary cause of [the] collision [was] that the motorized bicycle was not visible to [Buehler] as they approached the intersection." The State moved to exclude the expert's testimony because it "fail[ed] to state an actual opinion," would be "confusing to the jury," and was irrelevant. At the hearing on the State's motion, Buehler argued that the expert's testimony was relevant to establish the bicyclist's conduct was an "intervening cause"[1] of the collision. Following the hearing, the district court issued a written decision excluding the expert's testimony.

Addressing the issue of whether Buehler should be allowed to present expert testimony regarding an intervening, superseding cause, the district court ruled:

> [The bicyclist's] alleged operation of his bicycle without the proper lighting does not render [Buehler's] culpable act of driving while intoxicated causatively harmless and the opinion of [Buehler's] expert that the primary cause of the accident was [the bicyclist's] failure to have a headlamp on his motorized bicycle is therefore irrelevant.

Buehler moved for reconsideration of the court's decision, and the court denied the motion.

In addition to the State's motion to exclude Buehler's expert witness testimony, the parties also filed numerous other motions in limine. Buehler filed motions seeking to admit evidence that the bicyclist's motorized bicycle was classified under the law as a "motorcycle" and a "motor vehicle"; motor vehicles must "display lighted lamps" "from sunset to sunrise" and at other times of insufficient lighting; the bicyclist was required to have a headlight on his "motorcycle"; and the bicyclist was operating his motorcycle in violation of the law by having a .208 BAC, which "was the cause of the accident."[2] The district court denied Buehler's motions in limine, concluding this

---

[1]    The district court in its ruling refers both to an "intervening" and a "superseding" cause, as do the parties in their briefing. We understand these references to be to the singular affirmative defense of an "intervening, superseding cause." *See State v. Lampien*, 148 Idaho 367, 374, 223 P.3d 750, 755 (2009) (referring to affirmative defense of "intervening, superseding cause").

[2]    Rather than requesting a ruling on the admissibility or exclusion of certain evidence, most of Buehler's "motions in limine" requested the district court "to instruct the jury" about certain factual and legal issues. The purpose of a motion in limine, however, is not to determine jury instructions; rather, it is to resolve evidentiary issues. Buehler, however, failed to identify his proffered evidence and to request a ruling on its admissibility in his motions. Regardless, in ruling

evidence was "irrelevant." Relying on its prior ruling excluding Buehler's expert witness testimony, the court also denied Buehler's other motions in limine seeking to admit expert testimony that the bicyclist was speeding and regarding the size of the motorized bicycle's engine. Meanwhile, the court granted the State's motions in limine to exclude "arguments regarding comparable fault," evidence of the bicyclist's "lighting functions" and the bicyclist's speed, evidence regarding the "motorization" of the bicycle, and the bicyclist's BAC and the marijuana content of his blood.

Finally, Buehler moved to exclude evidence of his BAC test results because, at the time of the collision, Officer Christ was not certified to operate the testing device. Rather, his certification expired on December 24 according to an email, which the State produced in discovery, and in which Officer Christ wrote that he believed his certification was valid until December 31 (the date of the collision) but that it had in fact expired on December 24. The district court held an evidentiary hearing on the motion at which both Officer Christ and the laboratory manager of the Idaho State Police Forensic Services testified. The laboratory manager, who was a forensic scientist with expertise in the Lifeloc FC20 testing device, testified among other things that Officer Christ performed the breath test according to "policy and procedure." Subsequently, the court denied Buehler's motion to exclude the BAC test results, reasoning the State had provided foundation that "the test was done correctly and in conformance with the requirements of the standard operating procedures" which was an "alternative means" for establishing the evidence's admissibility.

Following these pretrial rulings, Buehler pled guilty conditionally to aggravated DUI, reserving his right to challenge the district court's evidentiary rulings on appeal. Buehler timely appeals.

## II.

## STANDARD OF REVIEW

A trial court's decision on a motion in limine is reviewed for an abuse of discretion. *State v. Richardson*, 156 Idaho 524, 527, 328 P.3d 504, 507 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the

on Buehler's motions, the court apparently implicitly construed the motions as seeking to admit evidence that would support the factual and legal assertions set forth in the motions.

3

boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A. Proffered Causation Evidence

On appeal, Buehler challenges the district court's pretrial evidentiary rulings. Challenging the court's ruling to exclude his proffered expert witness testimony, Buehler argues that "his theory of the case was that [the bicyclist's conduct] was the cause of the accident and the injuries he sustained" and that the expert's testimony "regarding causation makes it more probable [the bicyclist] and not [Buehler] was the cause of the accident and [the bicyclist's] injuries." Challenging the court's rulings denying his motions in limine to admit facts about the bicyclist and his bicycle, Buehler generally argues "all of the facts regarding [the bicyclist's] operation of the motorized bicycle" are relevant to causation.[3]

We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). Evidence that is relevant to a material issue concerning the crime charged is generally admissible. *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Idaho Rule of Evidence 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

On appeal, Buehler generally challenges the district court's overarching conclusion the evidence about the bicyclist's conduct and bicycle related to causation is irrelevant for purposes

---

[3] Buehler also argues on appeal that the district court's rulings excluding his proffered evidence "completely denied him [of] his ability to present his defense, in contravention of his Fourteenth Amendment right to due process." Buehler, however, does not cite any authority in support of this argument. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives issue on appeal if either authority or argument is lacking). Regardless, because we conclude the court's pretrial rulings were not an abuse of discretion, we do not address this argument.

of establishing an aggravated DUI. This conclusion was the basis for both the court's decisions to deny Buehler's motions to admit evidence of these facts and to grant the State's motion to exclude Buehler's expert testimony. Accordingly, our analysis focuses on the State's required proof of causation to establish an aggravated DUI.

The aggravated DUI statute, I.C. § 18-8006(1), provides that "any person causing great bodily harm, permanent disability or permanent disfigurement to any person other than himself in committing a violation of the provisions of [I.C. § 18-8004(1)(a) or (1)(c)] is guilty of a felony." In turn, I.C. § 18-8004(1)(a), which is the applicable statute in this case, provides in relevant part that "it is unlawful for any person who is under the influence of alcohol . . . or who has an alcohol concentration of 0.08 . . . to drive or be in actual physical control of a motor vehicle within this state . . . ."

This Court previously addressed the State's burden of proof for an aggravated DUI under I.C. § 18-8006(1) in *State v. Johnson*, 126 Idaho 892, 894 P.2d 125 (Ct. App. 1995). In that case, the State charged Johnson with aggravated DUI after he struck and seriously injured Gene Kowalczuk (Gene) while Johnson was driving under the influence. *Id.* at 894, 894 P.2d at 127. At trial, Johnson asserted Gene's negligence caused the collision. *Id.* In support, Johnson presented evidence that Gene and another individual "were riding double on a single seat bicycle" without a light at about 10 p.m. and that Gene, who was steering, "turned in and out of Johnson's oncoming lane several times before turning back into Johnson's lane and colliding with Johnson's truck." *Id.* Johnson requested a jury instruction that the jury could not find him guilty of aggravated DUI unless it found that, "compared to Gene's negligence, Johnson's negligent operation of the vehicle was more than 50% responsible for causing the accident." *Id.* The trial court refused this instruction, and the jury convicted Johnson. *Id.*

On appeal, Johnson challenged the trial court's failure to instruct the jury that "it had to find Johnson to be more than 50% responsible for causing Gene's injuries in order to find him guilty of aggravated DUI." *Id.* at 895, 894 P.2d at 129. This Court rejected Johnson's argument, concluding that "the elements of the crime of aggravated DUI do not include proof that the defendant was more than 50% responsible for causing the victim's injuries." *Id.* Rather, the Court held that:

> The plain language of I.C. § 18-8006 merely requires that there be *some causal connection* between the defendant's driving while under the influence and the

5

victim's injuries. Idaho Code § 18-8006 also does not require proof of any negligence on the part of defendant.

*Id.* (emphasis added); *see also State v. Robinett*, 141 Idaho 110, 114, 106 P.3d 436, 440 (2005) (Burdick, J., specially concurring) (noting aggravated DUI requires proof of some causal connection); *State v. Nelson*, 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct. App. 1991) (ruling statute requires "some causation"), *overruled in part on other grounds by Johnson*, 126 Idaho at 895, 894 P.2d at 128. In other words, "[t]he State need only prove that the defendant operated a vehicle while under the influence of alcohol and that such conduct caused serious bodily harm to one other than the driver." *Id.* at 895-96, 894 P.2d at 128-29; *see also* ICJI 1010 (criminal jury instruction for aggravated DUI).

As in *Johnson*, the State in this case only needed to prove "some causal connection" between Buehler's driving under the influence and the bicyclist's serious injuries. *See Johnson*, 126 Idaho at 895, 894 P.2d at 129 (articulating requisite proof of causation). Any evidence about the bicyclist's conduct or bicycle--whether presented by an expert witness or otherwise--does not tend to make more or less probable the fact that Buehler failed to yield to the bicyclist thereby causing, at least in some manner, the bicyclist's serious injuries. *See* I.R.E. 401 (providing evidence is relevant if it has any tendency to make existence of any fact of consequence more probable or less probable). That the bicyclist's conduct also may have contributed to the cause of the collision is not a fact of consequence in proving aggravated DUI. *Id.*

On reply, Buehler argues his excluded, proffered evidence is relevant to an intervening, superseding cause defense. In support, he relies on *State v. Ochoa*, 169 Idaho 903, 914, 505 P.3d 689, 700 (2022), which the Idaho Supreme Court issued after the district court's evidentiary rulings in this case. In *Ochoa*, the Court addresses the intervening, superseding cause defense in the context of a vehicular manslaughter charge. *Id.* at 914, 505 P.3d at 700 (noting defendant was allowed to present evidence concerning victim's operation of motorcycle); *see also State v. Paulson*, 169 Idaho 672, 683, 501 P.3d 873, 884 (2022) (discussing intervening, superseding cause defense in context of vehicular manslaughter). Unlike an aggravated DUI charge, however, the vehicular manslaughter statute requires the State to prove the defendant's "operation of a motor vehicle is a *significant cause* contributing to the death [of a victim] *because of*" the commission of an unlawful but non-felonious act with or without gross negligence or a violation of I.C. §§ 18-8004 or 18-8006. I.C. § 18-4006(3)(a)-(c) (emphasis added). Because the causation necessary to prove vehicular manslaughter under I.C. § 18-4006(3) is different from the lesser "some causal

6

connection" necessary to prove aggravated DUI, *Ochoa* and *Paulson* are inapposite. *See Johnson*, 126 Idaho at 895, 894 P.2d at 128 (ruling only proof of "some causal connection" required to prove aggravated DUI).

## B.    BAC Evidence

Buehler also challenges the district court's denial of his motion in limine to exclude the BAC tests because Officer Christ's certification to operate the testing device expired approximately a week before he used the device to test Buehler's BAC. The State does not dispute that Officer Christ's certification had lapsed before December 31, 2017, but it argues the prosecutor laid an adequate evidentiary foundation to admit the BAC test results regardless.

The State's foundation included both the testimony of the laboratory manager of the Idaho State Police Forensic Services and of Officer Christ. Officer Christ testified about his "specialized training in the field of alcohol or drug impairment"; his prior certifications on the testing device, namely that he was first certified "about eight or nine years ago" and recertified every two years thereafter; and his certification as an "instructor in DUI investigations." Further, he testified that he had used the testing device at issue approximately "one hundred times" previously and that he "immediately" recertified after realizing his certification had lapsed. Finally, he described the process and procedures he followed when testing Buehler with the device. After testifying about her expertise related to the testing device, the laboratory manager testified about Officer Christ's use of that device, including that she reviewed the police reports and BAC test results related to Buehler's arrest; the procedures Officer Christ followed "complied with the Idaho State Police standard"; the test results did not indicate "any issues with the sample that was taken whatsoever"; there was "no interfering substance" and "two valid breath samples"; and "[t]he test was done in accordance with the policy and procedure, so it looks like [Officer Christ] knew what he was doing"

On appeal, Buehler does not dispute the laboratory manager's testimony established both that Officer Christ complied with proper testing procedures and the reliability of Buehler's BAC test results. Further, Buehler acknowledges BAC "test results can be admitted where administrative procedures were not followed, so long as an expert testifies as to why the procedural defects did not affect the reliability of the results." Nevertheless, Buehler argues that "where an officer is not certified to use a particular testing device, the test results obtained by the officer must

be excluded," regardless of expert testimony establishing the officer's conformity with the testing procedures and the tests' reliability. We disagree.

This Court has previously ruled in *State v. Longhofer*, 162 Idaho 525, 528, 399 P.3d 852, 855 (Ct. App. 2017), that "in order to admit the results of a breath test into evidence the State must proceed in one of two ways." "First, the State may establish that the administrative procedures, which ensure the reliability of the test, have been met." *Id.* "Second, even without fulfilling the administrative procedures, the State may still make the test results admissible if it calls an expert witness to establish the reliability of the test." *Id.*; *see also State v. Clapp*, 170 Idaho 314, 317, 510 P.3d 667, 680 (2022) (noting foundational requirement for conformity with test procedure). Although the issue in *Longhofer* was the admissibility of test results from an unverified testing device, *Longhofer*, 162 Idaho at 527, 399 P.3d at 854, no principled reason requires a different rule for admitting test results obtained by an officer whose certification had recently lapsed-- particularly when the officer is as experienced using the testing device during DUI investigations as Officer Christ is.

Because the State presented expert testimony establishing Officer Christ's conformity with the testing procedures and the test results' reliability, we hold that the district court did not abuse its discretion by ruling the BAC test results were admissible. This holding is not inconsistent with *Masterson v. Idaho Dep't of Transp.*, 150 Idaho 126, 244 P.3d 625 (Ct. App. 2010), on which Buehler relies. In that case, this Court reversed the Idaho Transportation Department's order suspending Masterson's driver's license for failing a BAC test because the hearing officer relied on but did not take proper notice of certain materials regarding whether an upgraded testing device required the officer to recertify. *Id.* at 127, 130, 244 P.3d at 626, 629. Unlike this case, the Court in *Masterson* did not address whether expert testimony established the reliability of the BAC test results. Further, Buehler's argument that admitting BAC test results through expert testimony renders certification meaningless is not persuasive. An officer's certification still provides a more facile, expedited means of admitting evidence in lieu of presenting expert testimony.

## IV.

## CONCLUSION

The district court did not abuse its discretion by ruling Buehler's expert testimony and other evidence of causation was inadmissible or by ruling Buehler's BAC test results were admissible. Accordingly, we affirm these rulings and Buehler's judgment of conviction.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.