IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 37385

IN THE MATTER OF THE DRIVER'S ) 
LICENSE SUSPENSION OF:  GALE LEE ) 
MASTERSON. )
_____ )
GALE LEE MASTERSON, )
  )    **2010 Opinion No. 88**
     **Petitioner-Appellant,** )
  )    **Filed: December 20, 2010**
**v.** )
  )    **Stephen W. Kenyon, Clerk**
**IDAHO DEPARTMENT OF** )
**TRANSPORTATION,** )
  )
     **Respondent.** )
_____ )

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County.  Hon. Fred M. Gibler, District Judge.

Decision of the district court, affirming administrative order suspending driver's license after failing a blood alcohol concentration test, <u>reversed</u>.

Richard S. Christensen, St. Maries, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent.  Edwin L. Litteneker argued.

_____

MELANSON, Judge

Gale Lee Masterson appeals from the district court's decision upon judicial review affirming the Idaho Transportation Department's order suspending Masterson's driver's license for failing a blood alcohol concentration test.  For the reasons set forth below, we reverse the district court's decision and vacate the order suspending Masterson's driver's license.

**I.**

**FACTS AND PROCEDURE**

Masterson failed field sobriety tests after being stopped by an officer who suspected Masterson was driving under the influence of alcohol (DUI).  The arresting officer administered an alcohol concentration breath test using the Intoxilyzer 5000EN.  The breath test revealed that Masterson's blood alcohol concentration was .197/.184 in violation of I.C. § 18-8004(1)(a).

1

Masterson's driver's license was immediately suspended for ninety days pursuant to I.C. § 18-8002A(4)(a)(i). Masterson requested an administrative license suspension (ALS) hearing before the Idaho Transportation Department (ITD), pursuant to I.C. § 18-8002A(7), contesting the suspension of his driver's license. The ALS hearing officer upheld the suspension. Masterson appealed the ALS hearing officer's decision to the district court. The district court affirmed the ALS hearing officer's order suspending Masterson's driver's license. Masterson again appeals.

**II.**

**ANALYSIS**

An ITD administrative hearing officer's decision to uphold the suspension of a person's driver's license is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 589, 83 P.3d 130, 133 (Ct. App. 2003). The Idaho Administrative Procedures Act (IDAPA) governs the judicial review of Department of Transportation decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.,* 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs,* 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Kinney v. Tupperware Co.*, 117 Idaho 765, 769, 792 P.2d 330, 334 (1990). Substantial evidence is more than a scintilla, but less than a preponderance. *Id.* This Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the

2

record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

The ALS statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed a blood alcohol concentration test administered by a law enforcement officer. A person who has been notified of such an administrative license suspension may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds, enumerated in I.C. § 18-8002A(7)(a)-(e), for vacating the suspension. The burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane*, 139 Idaho at 590, 83 P.3d at 134. Once the driver has made an initial prima facie showing of evidence proving some basis for vacating the suspension, the burden shifts to the state to rebut the evidence presented by the driver. *See Kane*, 139 Idaho at 590, 83 P.3d at 134.

A license suspension may be vacated if the tests for alcohol concentration "administered at the direction of the peace officer were not conducted in accordance with the requirements" of I.C. § 18-8004(4). I.C. § 18-8002A(7)(d). Pursuant to I.C. § 18-8004(4), the Idaho State Police (ISP) is charged with promulgating standards for administering breath alcohol tests. The ISP has issued IDAPA regulations covering the requirements for the performance of a breath test and providing, in pertinent part, that "each individual operator shall demonstrate that he has sufficient training to operate the [breath test] instrument correctly. This shall be accomplished by successfully completing a training course approved by the department." IDAPA 11.03.01.14.04. The ISP has also issued Standard Operating Procedures (SOP) establishing procedures for the maintenance and operation of breath test equipment, including the Intoxilyzer 5000.[1] *In re Mahurin*, 140 Idaho 656, 659, 99 P.3d 125, 127 (Ct. App. 2004). The SOP provide that breath alcohol tests "must be administered by an operator currently certified in the use of the

---

[1] The ISP has not issued SOP for the Intoxilyzer 5000EN.

specific model of instrument used." SOP 3.1.1.1. Noncompliance with the ISP procedures is a ground for vacating an administrative license suspension under I.C. § 18-8002A(7)(d). *In re Mahurin*, 140 Idaho at 659-60, 99 P.3d at 127-28. Initially, the burden of proof is on the driver to show by a preponderance of the evidence that the officer was not properly certified to operate the breath testing instrument. I.C. § 18-8002A(7)(d). The burden then shifts to the state to rebut the driver's evidence showing lack of certification on the particular instrument used.

Masterson argues, under I.C. § 18-8002A(7)(d), that his license suspension should be vacated because the ITD hearing officer erred in finding that the arresting officer who conducted the breath test was properly certified to operate the Intoxilyzer 5000EN.[2] Specifically, Masterson argues that the hearing officer erred in relying on information that was not placed into evidence and not properly officially noticed pursuant to I.C. § 67-5251(4). Idaho Code Section 67-5251(4) provides that an administrative hearing officer may take official notice of any facts that could be judicially noticed by a court or of any generally recognized technical or scientific facts within the agency's specialized knowledge. If the hearing officer takes official notice of any facts or material, he or she must notify the parties of the information used and afford the parties a meaningful opportunity to contest and rebut the material prior to issuance of any order that is based in whole or in part on the information officially noticed. I.C. § 67-5251(4).

In upholding the suspension of Masterson's driver's license, the hearing officer took official notice of several documents including the ISP breath test SOP, the Intoxilyzer 5000 Breath Testing Specialist Manual, and the Intoxilyzer 5000EN Breath Testing Specialist Manual Supplement. The parties do not dispute that these documents were properly officially noticed pursuant to I.C. § 67-5251(4). However, in making his specific findings regarding the arresting officer's certification on the Intoxilyzer 5000EN, the hearing officer also relied on information from the Intoxilyzer's manufacturer, CMI, Inc. The hearing officer noted that the breath test SOP require an operator to become recertified when the ISP adopts a new breath testing instrument. SOP 1.5.2. The hearing officer found that, because the CMI materials did not differentiate between the Intoxilyzer 5000 and 5000EN, the 5000EN is not a new, but merely upgraded, version of the Intoxilyzer 5000. The hearing officer further found that, because the

---

[2]     Masterson makes several other arguments on appeal. Because we find this issue to be dispositive, we do not address Masterson's other arguments.

5000EN was not a new breath testing instrument, the arresting officer was not required under the breath testing SOP to train specifically to operate the 5000EN model.[3]

The record demonstrates that the hearing officer did not take proper official notice of the CMI materials under I.C. § 67-5251(4). The record is devoid of any indication that the hearing officer provided notice to the parties of his intent to utilize the CMI materials, disclosed the CMI materials to the parties prior to the issuance of his order, or afforded the parties an opportunity to rebut the CMI materials. An administrative hearing officer's findings of fact "must be based exclusively on the evidence in the record of the contested case and on matters officially noticed in that proceeding." I.C. § 67-5248(2). Therefore, we hold that, because the CMI materials were not properly officially noticed, the hearing officer erred in relying on those materials when making his findings of fact.

Without the CMI materials, the hearing officer's finding that the arresting officer was properly certified to operate the Intoxilyzer 5000EN is not supported by competent and substantial evidence in the record. The breath test regulations and SOP adopted by ISP require that a breath test operator have sufficient training to operate the instrument correctly and be currently certified on the specific model of instrument used. *See* IDAPA 11.03.01.14.04; SOP 3.1.1.1. The testimony given by the arresting officer at the ALS hearing contradicts a finding that he was certified to operate the 5000EN:

---

[3] The ALS hearing officer's finding of fact No. 7 states:

1. [The arresting officer's] testimony provides that he was certified to use the Intoxilyzer 5000 and not the Intoxilyzer 5000 EN that was used to test Masterson's breath sample.

2. It is noted that CMI Inc., the manufacturer of the Intoxilyzer 5000 and Intoxilyzer 5000 EN, does not differentiate between these two breath-testing instruments.

3. Further, CMI Inc. provides that the Intoxilyzer 5000 EN is an upgraded Intoxilyzer 5000.

    a. Since the Intoxilyzer 5000 EN is not considered a new breath-testing instrument and is only an updated version for an already approved breath testing instrument, ISP Forensic Services do not require a police officer to have additional training and certification for the Intoxilyzer 5000 EN if the police officer is currently certified for the Intoxilyzer 5000.

4. Based upon ISP Forensic Services procedures, [the arresting officer] was certified to use the Intoxilyzer 5000 EN that tested Masterson's breath sample.

| [ATTORNEY]: | Are you -- are you certified in the Intoxilyzer 5000? |
| [OFFICER]: | Yes, I am. |
| | . . . . |
| [ATTORNEY]: | Okay. Okay. And did you take classes to become certified? |
| [OFFICER]: | Yes, I did. |
| [ATTORNEY]: | Okay. And you took a test to become certified? |
| [OFFICER]: | Yes, I did. |
| [ATTORNEY]: | Okay. Did you get certified on the Intoxilyzer 5000EN? |
| [OFFICER]: | No, I did not. I never heard of the EN. |

Absent the CMI materials, there is insufficient competent and substantial evidence to support the hearing officer's finding that the 5000EN was an upgraded model that did not require operator recertification. While the SOP 1.5.2 requires that operators become recertified whenever ISP adopts a new instrument, it contains no procedures for operator certification on upgraded instruments. The Intoxilyzer 5000 and 5000EN manuals reveal differences between the design and operation of the two machines. The internal parts and technology utilized by the two instruments are different. In addition, while the Intoxilyzer 5000 is operated by the manipulation of a series of switches, the 5000EN utilizes a computer menu and keystrokes. While this Court notes the differences between the two instruments, there is not enough competent and substantial evidence in the record to indicate whether the ISP considers the 5000EN to be a new instrument for the purpose of operator certification. Therefore, the hearing officer erred in finding the arresting officer was properly certified to operate the Intoxilyzer 5000EN because he did not take proper official notice of the CMI materials under I.C. § 67-5251(4) and there is not competent and substantial evidence in the remainder of the record to support the hearing officer's finding. Accordingly, the district court erred in affirming the administrative license suspension.

Masterson also argues that he is entitled to attorney fees pursuant to I.C. § 12-117(1), which provides:

> (1) Unless otherwise provided by statute, in any administrative proceeding or civil judicial proceeding involving as adverse parties a state agency . . . and a person, . . . the court . . . shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

6

This Court cannot say that the ITD acted without reasonable basis in fact or law.  Therefore, we deny Masterson's request for attorney fees under I.C. § 12-117(1).

## III.

## CONCLUSION

The hearing officer did not take proper official notice of the CMI materials under I.C. § 67-5251(4) and there is insufficient competent and substantial evidence in the remainder of the record to support the hearing officer's finding that the arresting officer was properly certified to operate the Intoxilyzer 5000EN.  Therefore, we reverse the decision of the district court and vacate Masterson's administrative license suspension.  Costs, but not attorney fees, are awarded on appeal to Masterson.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**