# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50701-2023

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, December 2023 Term |
| | ) | |
| v. | ) | Opinion filed: May 1, 2024 |
| | ) | |
| CYRUS WOLF BUEHLER, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Robert C. Naftz, District Judge.

The judgment of conviction is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Andrea W. Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kale Gans argued.

_____

ZAHN, Justice.

Cyrus Wolf Buehler appeals his judgment of conviction for aggravated driving under the influence. Buehler argues that the district court abused its discretion in denying his motions in limine because the evidence he sought to present established that the victim's conduct was a superseding, intervening cause of the collision. Buehler also challenges the district court's decision to admit evidence of his blood alcohol concentration ("BAC") because the officer who tested his BAC was not certified to operate the breathalyzer device at the time the breath tests were administered.

We affirm the district court because it did not err in concluding that the evidence Buehler sought to introduce was irrelevant to the determination of whether Buehler's act of driving while under the influence had some causal connection to Hanson's injuries for purposes of Idaho Code section 18-8006(1). We hold that, while a defendant charged with violating Idaho Code section

18-8006(1) may dispute the element of causation by presenting evidence of an intervening, superseding cause, Buehler's evidence failed to establish such a cause. We also hold that the officer's lapsed certification did not require exclusion of evidence concerning Buehler's BAC at the time of the collision because the State may establish the foundation for the admission of the evidence through expert testimony.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2017, at around 5:30 p.m., Buehler was driving his pickup truck northbound on Harrison Avenue in Pocatello, Idaho. At the same time, Raymond Hanson was riding his motorized bicycle southbound on Harrison Avenue. As Buehler turned left across the southbound lane of Harrison Avenue, Hanson collided with the right front of Buehler's truck. As a result of the collision, Hanson suffered severe injuries.

Police responded to the scene and administered field sobriety tests to Buehler, which he failed. Officer Christ then arrested Buehler for driving under the influence. Following the arrest, Christ asked Buehler to provide a breath sample. Buehler agreed to do so. Christ then administered two breath tests to Buehler using a LifeLoc FC200 breathalyzer device. Unbeknownst to Christ, his certification to operate the LifeLoc device had expired one week prior to the date he administered the tests to Buehler. Buehler's breath samples indicated a BAC of .181 and .179.

The State charged Buehler with aggravated driving under the influence ("DUI") under Idaho Code section 18-8006(1). That code section provides that "[a]ny person causing great bodily harm, permanent disability or permanent disfigurement to any person other than himself in committing a violation of the provisions of section 18-8004(1)(a) or (1)(c), Idaho Code, is guilty of a felony . . . ." I.C. § 18-8006(1).

In advance of trial, Buehler disclosed two expert reports to the State, which were prepared by a mechanical engineer. Buehler's expert opined that Hanson was the cause of the collision because he was speeding, he had a BAC of .208 and therefore was under the influence at the time of the collision, and his motorized bicycle did not have a headlight. The expert noted that Buehler said he did not see Hanson prior to the collision and that the collision occurred after sunset. The expert opined that the primary cause of the collision was that Buehler could not see the bicycle as he approached the intersection and, therefore, Buehler's BAC was not the cause of the collision.

The State filed a motion in limine to exclude Buehler's expert from testifying. The State argued that Buehler's expert "fail[ed] to state an actual opinion," and that his testimony was

confusing to the jury and irrelevant. At a subsequent hearing on the motion, the State argued that the expert failed to cite a factual basis for many of his opinions and that the expert was opining on the issue of comparative fault, which was irrelevant in a prosecution for aggravated DUI. In response, Buehler argued that his expert's opinion was relevant to whether Hanson's conduct was an intervening, superseding cause of the collision, which would render Hanson responsible for his own injuries.

Following the hearing, the district court granted the State's motion and excluded Buehler's expert from testifying. In its written decision, the district court noted that the plain language of Idaho Code section 18-8006 only requires that the State establish some causal connection between Buehler's driving while under the influence and Hanson's injuries. The district court observed that the State was not required to prove that Buehler was negligent or that he was more than 50% responsible for Hanson's injuries. The district court rejected Buehler's argument that his expert's testimony established that Hanson's conduct was an intervening, superseding cause of the collision. The district court observed that this Court's caselaw has held that, to relieve a defendant of criminal liability, an intervening cause must be an unforeseeable and extraordinary circumstance. The district court concluded that Hanson's conduct was not an unforeseeable and extraordinary circumstance because a known risk of driving while intoxicated is being involved in a traffic accident.

Buehler filed a motion to reconsider along with several motions in limine related to his theory that Hanson caused the collision. Some of Buehler's motions sought orders permitting his expert to testify that, at the time of the collision, Hanson was speeding and therefore was violating the law and that Hanson's motorized bicycle was a motorcycle for purposes of Idaho's DUI statute.

While Buehler's other motions were titled as motions in limine, they did not concern the admission of evidence but instead requested the district court to instruct the jury that (1) Hanson's motorized bicycle was a motorcycle; (2) Hanson's motorized bicycle was a vehicle; (3) every vehicle on a highway after sunset is required to display headlights; (4) on the date of the collision, Hanson was operating a motorcycle in violation of law because he had a BAC of .208; (5) Hanson's intoxication was the cause of the collision and his injuries; and (6) Buehler could not be guilty of the crime charged because Hanson was the cause of his own injuries.

The State filed its own motions in limine to exclude evidence that Hanson was the cause of the collision, including motions to exclude (1) comparative fault arguments; (2) evidence of the

lighting function, speed, or motorization of Hanson's bicycle; and (3) evidence of Hanson's BAC at the time of the crash.

The district court held a hearing on the motions, at the conclusion of which it determined that Hanson's conduct was irrelevant to the causation element of the aggravated DUI charge. The district court denied Buehler's motion for reconsideration, denied his motions in limine concerning causation and Hanson's conduct, and granted the State's motions in limine concerning those issues for the reasons expressed in its decision excluding the testimony of Buehler's expert witness.

Buehler also filed a motion in limine to exclude evidence of Buehler's BAC because Officer Christ's certification to operate the LifeLoc breathalyzer device had expired one week before Christ administered the BAC tests. The district court held an evidentiary hearing on the motion, at which Christ testified concerning the procedures he employed in utilizing the LifeLoc Device to obtain BAC readings from Buehler. The State also presented expert testimony from Rachel Cutler, a forensic scientist and laboratory manager employed by the Idaho State Police. Cutler testified concerning her expertise with the LifeLoc breathalyzer device and opined that the procedures that Christ utilized to obtain Buehler's BAC were proper and reliable and therefore Buehler's breath samples were valid. As a result, she opined that the lapse in Christ's certification to operate the device did not affect the validity of the BAC results. The district court denied Buehler's motion after concluding that Christ's and Cutler's testimony established sufficient foundation to admit Buehler's BAC test results.

Buehler subsequently entered a conditional guilty plea to aggravated DUI, reserving the right to appeal the denial of his motions in limine. Buehler timely appealed. The Court of Appeals affirmed Buehler's judgment of conviction. Buehler filed a petition for review, which this Court granted.

## II.    ISSUES ON APPEAL

1. Whether the district court erred in declining to admit evidence and testimony concerning Hanson's conduct on the night of the collision.
2. Whether the district court erred in denying Buehler's motion in limine to exclude evidence of Buehler's BAC.

## III.    STANDARDS OF REVIEW

"When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals; however, this Court reviews the trial court's

4

decisions directly and acts as though it is hearing the matter on direct appeal from the decision of the trial court." *State v. Robinett*, 141 Idaho 110, 111–12, 106 P.3d 436, 437–38 (2005).

" 'Trial courts have broad discretion when ruling on a motion in limine.' Thus, '[t]his Court reviews the trial court's decision to grant or deny a motion in limine under an abuse of discretion standard.' " *Wilson v. Mocabee*, 167 Idaho 59, 64–65, 467 P.3d 423, 428–29 (2020) (quoting *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 25, 105 P.3d 676, 685 (2005)). Under the abuse of discretion standard, this Court examines "whether the trial court: '(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.' " *State v. Sarbacher*, 168 Idaho 1, 4, 478 P.3d 300, 303 (2020) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## IV.    ANALYSIS

Buehler argues that the district court erred when it denied his motions in limine and granted the State's motions in limine, excluded his expert from testifying, and excluded evidence of Hanson's conduct on the day of the collision.[1] Buehler argues that the excluded evidence established that Hanson's conduct was an intervening, superseding cause of the collision, thus establishing that Buehler's driving while under the influence was not the cause of Hanson's injuries. Buehler also argues that the district court erred by admitting evidence of his BAC because doing so rendered meaningless the administrative regulation requiring that officers be certified to operate the breathalyzer device. We will address each argument in turn.

## A. The district court did not err in its rulings excluding evidence concerning Hanson's conduct on the day of the collision.

Buehler contends that evidence he sought to introduce concerning Hanson's conduct and his expert's opinion concerning the cause of the collision was sufficient to establish that Hanson was a superseding, intervening cause of the collision. Buehler argues that the issue of causation is typically one for the jury and therefore the jury could not properly determine the cause of the collision without considering evidence of Hanson's conduct and the role it may have played in the collision. Buehler argues that, if the jury concluded that Hanson was a superseding, intervening

---

[1] We recognize that many of Buehler's motions were captioned "motion in limine" but actually requested that the district court instruct the jury on a specific issue. A motion in limine, however, generally addresses evidentiary issues. *See State v. Diaz*, 170 Idaho 79, 83, 507 P.3d 1109, 1113 (2022) ("A motion seeking a pretrial ruling on the admissibility of evidence is known as a motion in limine."). However, the district court addressed the motions according to the titles that Buehler used and, to avoid confusion, we will do the same.

cause of the collision, then Buehler would not be guilty under Idaho Code section 18-8006(1). The State argues that Hanson's conduct is irrelevant to the causation element because the fact that Buehler was driving while intoxicated and failed to yield to Hanson while making a left turn was sufficient to establish the causation element of section 18-8006(1).

"Whether evidence is relevant is a question of law and is subject to de novo review." *State v. Ochoa*, 169 Idaho 903, 912, 505 P.3d 689, 698 (2022). "Evidence is relevant if '(a) it has any tendency to make a fact more or less probable than it would be without the evidence[,] and (b) the fact is of consequence in determining the action.' " *Id.* at 913, 505 P.3d at 699 (quoting I.R.E. 401). "Whether a fact is 'of consequence' or material is determined by its relationship to the legal theories presented by the parties." *State v. Garcia*, 166 Idaho 661, 670, 462 P.3d 1125, 1134 (2020) (citation omitted).

Idaho Code section 18-8006(1) provides that "[a]ny person *causing* great bodily harm, permanent disability or permanent disfigurement *to any person* other than himself" in committing the crime of driving while intoxicated is guilty of a felony. I.C. § 18-8006(1) (emphasis added). We analyzed the causation element of Idaho Code section 18-8006(1) in *State v. Johnson*, 126 Idaho 892, 894 P.2d 125 (1995). There, we concluded that section 18-8006 only requires that there be "*some causal connection* between the defendant's driving while under the influence and the victim's injuries." *Id.* at 895, 894 P.2d at 128 (emphasis added). "The State need only prove that the defendant operated a vehicle while under the influence of alcohol and that such conduct caused serious bodily harm to one other than the driver." *Id.* at 895–96, 894 P.2d at 128–29. We further held that the statute did not require the State to prove either negligence on the part of the defendant or that the defendant was more than 50% responsible for causing the victim's injuries. *Id.*

In Buehler's case, the district court determined that the proffered expert testimony and evidence regarding Hanson's conduct prior to the collision were irrelevant. The district court determined that Buehler's proffered evidence went to the issues of comparative fault or Buehler's negligence rather than establishing that Hanson's conduct was an intervening, superseding cause of the collision. Buehler argues this was error because causation is typically an issue for the jury and his proffered evidence was relevant to that determination. We disagree.

The State's evidence established that, on the night in question, Buehler was driving a motor vehicle while under the influence when he made a lefthand turn across oncoming traffic, at which point the collision occurred and Hanson was injured. Thus, the evidence established that Buehler's

6

failure to yield had "some causal connection" to Hanson's great bodily harm. Hanson's conduct at the time of the collision did not make it more or less probable that Buehler's lefthand turn and failure to yield was causally connected to Hanson's injuries. We share the district court's observation that Buehler's proffered evidence attempts to demonstrate comparative negligence on Hanson's part or the lack of negligence on Buehler's part. We held in *Johnson* that both were irrelevant to the determination of guilt under Idaho Code section 18-8006. *See id.* at 895–96, 894 P.2d at 128–29. Therefore, we hold Hanson's conduct was not relevant to the determination of whether Buehler's act of driving while under the influence had some causal connection to Hanson's injuries for purposes of Idaho Code section 18-8006(1).

We disagree with Buehler's contention that the evidence was relevant to establish that Hanson's conduct was an intervening, superseding cause of the collision. "An intervening, superseding cause generally refers to *an independent act or force that breaks the causal chain between the defendant's culpable act and the victim's injury*." *State v. Lampien*, 148 Idaho 367, 374–75, 223 P.3d 750, 757–58 (2009) (emphasis added). "The intervening cause becomes the proximate cause of the victim's injury and removes the defendant's act as the proximate cause. To relieve a defendant of criminal liability, an intervening cause must be an unforeseeable and extraordinary occurrence." *Id*. "The defendant remains criminally liable if either the possible consequence might reasonably have been contemplated or the defendant should have foreseen the possibility of harm of the kind that could result from his act." *Id*.

Buehler's proffered evidence was only relevant to the issue of an intervening, superseding cause if it established that Hanson's conduct was an "unforeseeable and extraordinary occurrence." In this case, there is nothing unforeseeable or extraordinary about the fact that Buehler collided with a bicyclist in the oncoming lane of travel while turning left. In fact, the circumstance is foreseeable enough that Idaho law prescribes that drivers intending to turn left within an intersection must "yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection, or so close as to constitute an immediate hazard." I.C. § 49-641. The reference to "vehicle" in section 49-641 includes bicycles. *See* I.C. §§ 49-103(1), 49-714. Buehler's proffered evidence failed to establish that there was anything unforeseeable and extraordinary about the fact that Hanson was traveling toward Buehler in the oncoming lane of travel. We therefore affirm the district court's decision excluding the evidence as irrelevant to the issue of an intervening, superseding cause.

Our decision today is consistent with our holding in *State v. Robinett*, 141 Idaho 110, 106 P.3d 436 (2005), in which the defendant made arguments similar to those that Buehler raises here. Robinett was charged with aggravated DUI and vehicular manslaughter after his car went off the road and collided with several trees, killing one passenger and injuring another. 141 Idaho at 111, 106 P.3d at 437. Robinett argued that his intoxication was not the cause of the accident, but instead the accident was caused when one of the passengers became angry and grabbed Robinett, causing him to lose control of the car. *Id*. A jury convicted Robinett of both charges. *Id*. On appeal, Robinett argued that the district court erred by refusing to give jury instructions for an intervening, superseding cause. *Id*. at 113, 106 P.3d at 439. We affirmed the district court's decision not to instruct the jury on intervening, superseding cause because "Robinett's theory required the jury to choose one of two alternative causes; not to assess whether a second action occurred subsequent to the first which intervened or superseded to actually result in the accident." *Id*. The evidence that Buehler sought to introduce below similarly sought to have the jury choose one of two alternative causes and was therefore irrelevant to the question at hand: whether Buehler's driving while under the influence had "some causal connection" to Hanson's injuries or not.

To sum up, nothing in Idaho Code section 18-8006(1) prevents a defendant from presenting evidence of an intervening, superseding cause for purposes of disputing the element of causation. There may be circumstances when an unforeseeable and extraordinary occurrence breaks the chain of causation required under Idaho Code section 18-8006(1). However, we hold that the facts of Buehler's case do not constitute an intervening, superseding cause.

Lastly, Buehler argues that the district court's exclusion of Hanson's conduct denied Buehler his constitutional right to present a complete defense. This argument is unpersuasive in light of our holding affirming the district court's decision excluding Buehler's proffered evidence as irrelevant. As the evidence was properly excluded, there was no violation of Buehler's constitutional rights.

## B. The district court did not err in admitting evidence of Buehler's BAC.

Buehler also appeals the district court's decision denying his motion in limine seeking to exclude evidence of his BAC test results. Buehler argued below that the evidence should be excluded because Idaho administrative rules required that Officer Christ hold a valid certification to operate the breathalyzer device used to obtain the test results and Christ's certification had lapsed approximately one week before he administered the tests to Buehler. The district court

concluded that evidence of Buehler's BAC could be admitted through the expert testimony of Idaho State Police Forensic Analyst Rachel Cutler because her testimony established the necessary foundation to admit the evidence.

Buehler now argues that the district court erred because its decision effectively nullified the Idaho administrative rules requiring that Christ hold a valid certification to operate the breathalyzer device. The State counters that the district court's decision is consistent with this Court's prior decisions holding that similar evidence can be admitted through expert testimony.

The district court did not err when it denied Buehler's motion in limine. We have held that the State can admit evidence of a defendant's BAC through two methods: by showing the test was administered in conformity with applicable test procedures or through expert testimony. *See Dachlet v. State*, 136 Idaho 752, 757, 40 P.3d 110, 115 (2002); *State v. Svelmoe*, 160 Idaho 327, 334, 372 P.3d 382, 389 (2016). To admit evidence of a defendant's BAC through expert testimony, the State must prove both (1) reliability of the testing technique and (2) conformity with testing procedure. *See State v. Clapp*, 170 Idaho 314, 327, 510 P.3d 667, 680 (2022).

Here, Buehler does not allege that the State's expert testimony failed to meet those requirements, but instead hinges his argument on the fact that Christ's certification to operate the device had expired one week prior to the date of the collision. *See* IDAPA 11.03.01.014.03.a (2015) (requiring that "[t]he breath alcohol test must be administered by an operator (BTO or BTS) currently certified in the use of the instrument"). Buehler asserts that, in this specific circumstance, the Idaho Court of Appeals' decision in *Masterson v. Idaho Department of Transportation* requires the evidence of Buehler's BAC be excluded. 150 Idaho 126, 244 P.3d 625 (Ct. App. 2010). In *Masterson*, the Court of Appeals vacated an order suspending Masterson's license after he was charged with a DUI because the administrative hearing officer erred in finding that the arresting officer was certified to operate a BAC breathalyzer device. *Id.* at 130, 244 P.3d at 629.

Buehler's reliance on *Masterson* is misplaced. *Masterson* concerned an administrative enforcement action regarding a license suspension, not a criminal action. In that setting, Masterson challenged his license suspension under Idaho Code section 18-8002A(7)(d), which mandates that a license suspension must be vacated if the BAC test was not administered in accordance with Idaho State Police rules, including requirements of certification. *See id*. at 129, 244 P.3d at 628. There is no equivalent statute that conditions the State's ability to admit evidence of a defendant's BAC in a criminal case on compliance with rules promulgated by the Idaho State Police. *Masterson*

did not address the admissibility of BAC results in a criminal action and therefore is inapplicable to this case. *See id*. at 130, 244 P.3d at 629.

Buehler's argument conflates the Idaho administrative rules with the Idaho Rules of Evidence. While the Idaho administrative rules provide procedures for administering BAC tests, they are not rules of evidence and do not supersede our caselaw interpreting and applying the rules of evidence. As noted above, we have held that there are two routes for admitting evidence of BAC results. One of those is through expert testimony establishing both the reliability of the testing technique and conformity with testing procedures. Buehler has not argued that the district court erred in concluding that Cutler's expert testimony met both requirements. We therefore affirm the district court's decision denying Buehler's motion in limine to exclude evidence of his BAC test results.

## V.   CONCLUSION

For the reasons discussed herein, the district court did not err when it denied Buehler's motions in limine and granted the State's motion in limine. We therefore affirm Buehler's judgment of conviction.

Chief Justice BEVAN, Justices BRODY and MOELLER, and Pro Tem Justice TROUT CONCUR.